## WILKINSON a. TIFFANY.

*Supreme Court, Sixth District; General Term, January,* 1857.

APPEAL FROM ORDER.—JUDICIAL DISCRETION.—ALLOWANCE.

It is only when the *defendant* recovers judgment that the allowance awarded to the prevailing party can be computed upon the sum *claimed.*

The power of the court to grant an allowance to the *plaintiff* is limited to an award of ten per cent. upon the amount of his *recovery.*

An order awarding to plaintiff an allowance exceeding ten per cent. upon the amount recovered by him, affects a substantial right of defendant, and is therefore appealable.

Such an order is appealable although made upon a default.

Where the court at special term makes upon default an order which it had no authority to make, the party prejudiced may move at special term to set aside the order for irregularity, or may appeal from the order to the general term.

Appeal from an order granting an allowance.

This action was brought by Israel Wilkinson against William Tiffany, upon an award and an account, for the recovery of money only. The plaintiff claimed a judgment in his summons and complaint for $600. The defendant interposed an answer to the complaint; and the action was referred to a referee, who made a report, that there was due from the defendant to the plaintiff the sum of $176$\frac{93}{100}$.

The plaintiff, upon an affidavit and notice, moved, at the Madison special term in June, 1856, for an extra allowance as costs, under section 308 of the Code. The affidavit showed the na-

ture of the action, and the amount reported to be due from the defendant to the plaintiff; and that the action was difficult and extraordinary. Neither the affidavit nor the notice of the motion stated the exact sum that the plaintiff would ask for, as extra costs.

The defendant did not appear to oppose the motion, and the plaintiff took an order by default, that he have an additional allowance against the defendant, by way of costs, in the action, to the amount of ten per cent. on the first $500 *claimed* in the summons and complaint; and five per cent. on the remaining $100 *claimed* in the complaint; making the amount of such extra allowance granted to the plaintiff, the sum of $55. The order directed the clerk to add this sum to the plaintiff's *other* costs in the action, and insert the same in the judgment.

The defendant now appealed from this order to the general term.

*W.* and *J. S. Newton,* for appellant.

*A. N. Sheldon,* for respondent.

*By the Court.*\*—BALCOM, J.—The plaintiff's counsel insists that no appeal will lie from the order granting extra costs to the plaintiff in this action for three reasons.

1. Because the granting of extra costs rests in the discretion of the court.

2. Because the order does not affect a substantial right.

3. Because the order was granted by default, and the defendant's remedy, if he has any, is by a motion to set aside the order as irregular.

The order must have been granted through the inadvertence of the judge who held the court; for all the extra costs that the court had power to allow the plaintiff was ten per cent. on his recovery. He recovered only $176\frac{93}{100}$, and was therefore entitled to only $17\frac{69}{100}$ percentage as costs, instead of $55, if the court gave him the utmost sum the statute permits the court to allow to a party in such a case. It is only when the *defendant* recovers judgment that the extra allowance can be measured by the sum *claimed* by the plaintiff in his summons and com-

---

\* Present, Gray, Mason, and Balcom, JJ.

plaint (*Code*, § 308 ; Hicks *v.* Waltermire, 7 *How. Pr. R.*, 370). The court has not even the *discretionary* right to measure extra costs to the plaintiff by the sum for which he claims judgment in his summons and complaint. Let extra costs be granted by such a rule, and the claims for judgment in the summonses and complaints of plaintiffs will swell amazingly. Such large claims where small recoveries are had, embarrass instead of aiding plaintiffs in obtaining orders for extra costs (5 *How. Pr. R.*, 317; 6 *Ib.*, 453).

I am clearly of the opinion that the order affected the substantial rights of the defendant (*Code*, § 349, *subd.* 3), and that it is therefore appealable. The court did not, in Dickson *v.* McElwain (7 *How. Pr. R.*, 139), or in Cook *v.* Dickenson (5 *Sandf.*, 663), go beyond the authority conferred by the statute in such cases, but kept within discretionary limits in making the orders. Those cases are therefore no authority against entertaining the appeal in this case. The question here is whether an appeal lies to reverse an order which the court had no authority to make. I think it does.

Does the fact that the order was granted by default cut off the defendant's right to appeal ? The plaintiff made a case that authorized the court to allow him a percentage upon the recovery, not exceeding $17.93. The defendant had no information from the affidavit or notice of the motion which were served upon his attorneys, that any greater sum would be claimed. He was not therefore obliged to contest the motion, unless he desired to defeat it altogether, or to reduce the allowance below $17.93. This court held in Raynor *v.* Clark (3 *Code R.*, 230), where a judgment had been entered by default upon a complaint which did not show a cause of action, that the defendant might appeal therefrom to the general term. It is true that it was held in Dorr *v.* Birge (5 *How. Pr. R.*, 323), that this court has no power to review a judgment rendered in the County Court by default, in a cause originating in a justice's court (see also Lynch *v.* McBeth, 7 *How. Pr. R.*, 113). But the decision in Dorr *v.* Birge, was placed upon the ground that this court has merely an *appellate jurisdiction* in respect to causes originating in justices' courts. That decision does not therefore control this case.

The plaintiff was not entitled, as matter of course, to the full

ten per cent. on the recovery, although the defendant did not appear to contest the motion; for no specified percentage, or certain amount was asked for in the notice of the motion. The court was called upon to fix the percentage, but could not allow "more than ten per cent. on the recovery." The court did necessarily make a *decision* upon the questions presented by the affidavit. The case therefore differs from those in which specific relief is asked for in the notice of motion, and in which the moving party obtains the precise thing he asks for in his notice, when his adversary makes default. In such cases the court does not look into the papers, but only requires proof of the service of the notice of the motion, with a copy of the papers upon which the motion is founded, and thereupon grants all that is claimed in the notice.

But I do not base my conclusion in this case on such a ground. This is an appeal in the same court that made the order. The court is called upon to correct its own error. It could probably grant the defendant relief for the wrong it has done to him, on a motion at a special term, to set aside the order for irregularity. And I think he also. has a remedy by an appeal to the general term. A defendant could always, prior to the Code, move in arrest of judgment, after judgment by default (*Gra. Pr.*, 2 *ed.*, 641). And in Calligan *v.* Hallet (1 *Cai.*, 104), the court held it was not too late to move in arrest of a judgment taken by default, after the defendant had attended the execution of the writ of inquiry, and examined witnesses, if it appeared *on the face of the record* that the action was not maintainable. I think *such judgments* of this court may now be reversed on appeal to the general term of the same court; and I am also of the opinion that orders, though granted by default at the special term, may be reversed by the general term on appeal, where the papers upon which the orders are granted show that the court had no authority to make them.

So much of the order of the special term in this case, as allows the plaintiff more than ten per cent. on $176.93, should be reversed, with $10 costs, of the appeal.

Decision accordingly.